IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SUSAN PRIDDY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 14-3360 |
| | ) | |
| HEALTHCARE SERVICES CORPORATION, an Illinois Mutual Reserve Insurance Company, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This is a class action case.

In an Order entered on March 22, 2016, the Court Allowed in part and Denied in part the Defendant's Motion to Dismiss the Plaintiffs' First Amended Complaint.

Pending before the Court is the Plaintiffs' Motion to Certify a Class.

It will be so ordered.

I. BACKGROUND

This is an action pursuant to the Employee Retirement Income

Security Act ("ERISA), 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3).  The Plaintiffs also seek relief under the statutory and common law of the State of Illinois.

Following the Court's ruling on the Defendant's Motion to Dismiss, eight individuals remain as Plaintiffs.  Plaintiffs Susan Priddy, Craig Fischer and Suraj Demla purchased individual policies from Defendant Health Care Services Corporation ("the Defendant" or "HCSC"), an insurance company licensed by the State of Illinois.   Plaintiffs Jan Yard, Mark Schacht, M.D., Neil Friedman, M.D., Jeffrey Rose and Michael Beiler obtained coverage through a plan purchased by their employers.

The Plaintiffs allege that, through its Blue Cross and Blue Shield divisions, HCSC offers health insurance policies in Illinois, Montana, New Mexico, Oklahoma and Texas for individuals and groups.  HCSC enters into financial arrangements with drug providers in order to manage pharmaceutical prices.

Based on their Amended Complaint and the Court's Order on the Defendant's Motion to Dismiss, the Plaintiffs request class certification

under Rule 23 for the following counts of the Amended Complaint:

(a) Count 1, to the extent it alleges breach of fiduciary duty against HEALTH CARE SERVICE CORPORATION (HCSC) as an Illinois Mutual Insurance Company and breach of its fiduciary duty under ERISA, 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1106(b)(1) and Illinois common law with respect to its placing its officers and directors on various boards of its affiliates and other entities owned or controlled by HCSC;

(b) Plaintiffs allegations under Counts I and II, to the extent that they allege violations under ERISA, 29 U.S.C. § 1106(a)(1) and (b) by HCSC's engaging in "prohibited transactions" by HCSC's non-disclosure of the terms of the contracts that it entered into with providers;

(c) With respect to Count II, to the extent that it alleged violations of ERISA, 29 U.S.C. § 1106 by HCSC's utilizing plan assets to the detriment of plan participants;

(d) With respect to Count III as to its request for appointment of a receiver under 29 U.S.C. § 1109(a);

(e) With respect to Count VI as to its allegations that Defendant, HCSC, breached its common law fiduciary duty; and with respect to Count VII as to the allegations that there should be an accounting under Illinois Law.

The Plaintiffs seek to bring this class under Federal Rule of Civil Procedure 23 on behalf of themselves and as representatives of four classes of similarly situated persons and entities, defined as follows:

(a) All individuals who sponsored benefit plans providing themselves and any of their employees with healthcare coverage obtained by the purchase of insurance coverage or administration of self-funded plans by Defendant, HCSC, or through a benefit plan underwritten, administered or otherwise provided by Defendant, HCSC in the States of Illinois, Texas, Montana, New Mexico and Oklahoma.

(b) All individuals and their beneficiaries who are or, at all times relevant to this cause of action, were recipients of health care coverage provided to them and their beneficiaries through their employers by health care coverage plans underwritten, administered, or otherwise provided by Defendant HCSC in the States of Illinois, Texas, Montana, New Mexico and Oklahoma.

(c) All individuals and their beneficiaries who, at all times relevant to this cause of action, obtained health care coverage by individual purchase of such coverage from Defendant, HCSC, or through a benefit plan underwritten, administered, or otherwise provided by Defendant, HCSC, but not subject to ERISA in the States of Illinois, Texas, Montana, New Mexico and Oklahoma.

(d) All individuals and their beneficiaries who are, or at all times relevant to this cause of action, were covered by health care insurance solely within the borders of the State of Illinois and therefore are protected by the power of the Illinois Department of Insurance to regulate policies issued within its borders by a health care insurer such as Defendant HCSC.

Excluded from the Class are: (1) Defendant, Defendant's

agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any person who has had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

## II. DISCUSSION

A. Legal standard

Under Rule 23(a), a class action is appropriate only if:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "To certify a class, a district court must find that each requirement of Rule 23(a) (numerosity, commonality, typicality and adequacy of representation) is satisfied as well as one subsection of Rule 23(b)." Harper v. Sheriff of Cook County, 581 F.3d 511, 513 (7th Cir. 2009). The class cannot be certified if any requirement is not met. See id.

The class must be defined in a clear manner based on objective criteria. Mullins v. Direct Digital, LLC, 795 F.3d 654, 659 (7th Cir. 2015). A class defined too vaguely does not satisfy the "clear definition" component. See id. at 659. A court must "be able to identify who will receive notice, who will share in any recovery, and who will be bound by a judgment." See id. at 660. "To avoid vagueness, class definitions generally need to identify a particular group, harmed during a particular time frame, in a particular location, in a particular way." Id. Moreover, classes should not be defined by subjective criteria, such as a person's state of mind. See id. Instead, classes should be defined objectively such as by conduct. See id.

A court cannot simply assume the truth of the matters as asserted by the plaintiff. See Messner v. Northshore University HealthSystem, 669 F.3d 802, 811 (7th Cir. 2012). "If there are material factual disputes, the court must receive evidence and resolve the disputes before deciding whether to certify the class." Id. (internal quotation marks and citation omitted). A plaintiff meets its burden by proving any disputed requirement

by a preponderance of the evidence. See id.

The Plaintiffs allege that because all prospective class members are either insureds or beneficiaries of various health insurance policies issued by Defendant HCSC through various wholly-owned or controlled entities, with similar contractual provisions, individual class members will not be required to present evidence that varies from class member to class member. Moreover, there are common aggregation-enabling issues in this case. The Plaintiffs assert that because of common contractual provisions and a common ownership of the Defendant, there will be more questions common to the class under the applicable standard.

B. Rule 23(a) requirements

(1)

As for <u>numerosity</u>, the Plaintiffs state the exact number of class members is unknown at this time. Because the Defendant has a significant percentage of the market share in health insurance coverage in the five jurisdictions, the Plaintiffs estimate the affected participants and beneficiaries to be well in to the millions, thereby making individual joinder

7

impracticable.   The Plaintiffs allege that class members can be easily identified through the Defendant's records.

The Defendant disputes that the number of class members would be well in excess of ten million and further denies that members can be identified through its records.  As the Plaintiffs allege, however, the Defendant does not suggest in its Answer or Brief that the number is too small to permit class certification.  If, for example, the Defendant alleged there were only ten members of the putative class, then the Court would have to receive evidence to resolve the dispute.  See Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 676 (7th Cir. 2001).  According to its website, www.hcsc.com, HCSC has more than 15 million individuals who receive coverage through one or more of its policies or plans that HCSC administers.

The Plaintiffs further assert that because the Defendant is able to identify several of the named Plaintiffs as policy owners or employees covered by a group plan, the Defendant would be able to identify all putative class members by reference to its records.

Although the precise number of affected insureds cannot be determined, based on a common sense analysis, the Court finds that the number of putative class members in each of the separate classes is sufficient to satisfy the numerosity prong of Rule 23.

(2)

The Plaintiffs further assert there are several questions of law and fact <u>common</u> to the claims of the Plaintiffs and the class members, which predominate over any questions that may affect individual Class Members. These include the following questions:

    a.    Is Defendant's practice of artificially inflating coinsurance payments made by its insureds to retain a benefit for itself and retaining rebates and profits derived from affiliates and related to entities a violation of ERISA as well as the Common Law and Statutory Law of the State of Illinois, including but not limited to the Unfair and Deceptive Trade Practices Act, 215 ILCS 5/154.6?

    b.    Have Defendant's insureds and Plan Participants paid inflated amounts of premiums, administration fees, co-payments and coinsurance both for medical services as well as for prescription drugs as a result of the practices described above?

    c.    Has Defendant's conduct in refusing to share with its insureds/owners profits and benefits derived from the

>   activities of or profits obtained from its affiliates and subsidiaries, said affiliates and subsidiaries obtained by Defendant through the use of premiums paid by its insureds/owners?
>
> d.  Are the Plaintiffs entitled to relief, including compensatory damages, reformation, disgorgement and attorneys fees?

The Defendant asserts that Plaintiffs have not established that these questions are common to even one of the classes they seek to certify, let alone specify to which of the four classes each question would apply. The Plaintiffs do not show how the common questions of law or fact relate to the specific claims or how the issues they identify are "central" to the validity of the claims.

The Defendant further notes that the Plaintiffs' proposed classes are not limited to people who are insured by HCSC, or to people who paid premiums. Three of the four classes include people whose health benefits are self-funded by their employers, or are only administered by the Defendant. Two of the classes also include "beneficiaries" of benefit plans purchased by others. The Defendant contends that Plaintiffs have not identified the classes with respect to the different counts, given that they

have not factually developed each of the counts.

"A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998) (citation omitted). "Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct toward members of the class." Id.

In their Complaint, the Plaintiffs allege that the putative classes fall into three general groups based on how they obtained coverage or purchased insurance from HCSC. These include those who purchased individual coverage from the Defendant, those who obtained HCSC coverage through their employment and a third group which included employers who purchased coverage for the employees in the second group but were not themselves obtaining healthcare coverage from HCSC. The Court previously found that the employer class members lacked standing to pursue an ERISA action and they were dismissed as parties.

Because the contract language and the treatment of the putative class members in both classes rests on a uniform corporate policy and

documentation, the Court concludes that the commonality prong is met.

(3)

In considering <u>typicality</u>, courts should focus on whether the representative plaintiffs' "claims have the same essential characteristics as the claims of the class at large. A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (internal quotation marks and citation omitted). The typicality requirement may be met even if there are factual differences between the claims of the named plaintiffs and those of other class members. See id. It is the similarity of legal theories that is important. See id. The named representatives' claims must "have the same essential characteristics as the claims of the class at large." Id.

As for defenses, "[t]ypicality under Rule 23(a) should be determined with reference to the company's actions, not with respect to particularized defenses it might have against certain class members." Wagner v.

NutraSweet Co., 95 F.3d 527, 534 (7th Cir. 1996). The Plaintiffs note that in its Answer, the Defendant raised general affirmative defenses but did not direct those to one or more distinct groups of Plaintiffs.

As for <u>adequacy of representation</u>, the Plaintiffs state they will fairly and adequately represent and protect the interests of the Classes as defined above. Counsel is competent and experienced in class actions.

The Court's Opinion eliminated two of the originally proposed classes based on a lack of standing. The Defendant contends the Plaintiffs have neither identified which named Plaintiff is the class representative for each of the classes they seek to have certified nor identified, for each putative class, a named representative with claims that are characteristic of the claims of the class at large.

The Plaintiffs allege that Plaintiff Priddy, an individual policyholder who resides in Illinois, is capable of being an appropriate representative for the two individual non-ERISA classes, and Plaintiff Beiler, who obtained his policy through his employer, is capable of being the class representative for the ERISA class participants. The Court concludes that Plaintiffs have

demonstrated that Plaintiffs Priddy and Beiler are capable of representing the interests of the proposed classes.

The named Plaintiffs seeking to represent the interests of the classes have no interest antagonistic to any of the proposed classes or any of their members. The Defendant has no defenses unique to any individual or separate group of the Plaintiffs.

Because the representatives' claims appear to arise from the same event or course of conduct giving rise to the claims of the class and it appears the claims are all based on the same legal theories, the Court concludes that Plaintiffs have established the typicality and adequacy of representation components of Rule 23(a).

C. Rule 23(b) requirements

To satisfy Rule 23(b)(3), the Court must "find[] that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). This means a proposed class "must

prove the existence of a common question, and one that predominates over individual questions, but it need not prove that the answer to that question will be resolved in its favor." Bell v. PNC Bank, Nat. Ass'n, 800 F.3d 360, 376 (7th Cir. 2015) (emphasis in original).

The Plaintiffs allege that common issues predominate because: (1) members of each class share the same basis of their relationship with HCSC which also forms the nature and extent of the damages they seek; (2) all members of the classes are treated the same by an insurance carrier who must submit its policy forms to regulatory authorities and verify to them uniformity in their application to all HCSC insureds; (3) members of each class share the same state law as HCSC operates under; (4) liability will be established using common, non-individualized proof; and (5) damages can be calculated using a common objective formula for all members of each class.

The Court believes that the common issues and common evidence outweigh any potential individualized issues that may apply to the class members' claims. Moreover, the Court is not aware of any interest that

would be promoted by directing the claims to be prosecuted individually.

Accordingly, the Court concludes that class proceedings are superior to all other available methods for the fair and just resolution of the controversy, given that joinder of all parties appears to be impracticable. Moreover, it would be extremely difficult, if not impossible, for the individual members of the class to individually obtain their sought-after relief because, according to the Plaintiffs, the damages suffered by individual class members, though neither small not minimal, are likely to be proportionately burdensome–particularly regarding the cost of individually conducting the complex litigation necessitated by the Defendant's actions. Even if class members were willing or able to pursue such individual litigation, therefore, a class action would still be preferable given that a multiplicity of individual actions would likely increase the expense and time of litigation given the complex legal and factual controversies as alleged in the Complaint.

The Court believes it is likely that fewer management difficulties would result from a class action. Other benefits include a single

adjudication and comprehensive supervision by a single court, resulting in reduced time, effort and expense for all parties and the Court and, further, resulting in the uniformity of decisions.

For all of these reasons, the Court concludes that a class action is superior to other available methods for adjudicating the action.

Several attorneys from multiple law firms are listed as counsel for the Plaintiffs. The Plaintiffs state these attorneys include James Horstman, Alexandra de Saint Phalle, Mark Debofsky and Jonathan Novoselsky. The Court further finds that group of counsel and their law firms are competent to adequately represent the Plaintiffs' classes.

Based on the foregoing, the Court will certify the class pursuant to the provisions of Federal Rule of Civil Procedure 23.

<u>Ergo</u>, the Plaintiffs' Motion to Certify the Class [d/e 22] is ALLOWED.

The Classes are certified as follows:

(a) All individuals who sponsored benefit plans providing themselves and any of their employees with healthcare coverage obtained by the purchase of insurance coverage or administration of self-funded plans by Defendant, HCSC, or

      through a benefit plan underwritten, administered or otherwise provided by Defendant, HCSC, in the States of Illinois, Texas, Montana, New Mexico and Oklahoma.

(b)    All individuals and their beneficiaries who are or, at all times relevant to this cause of action, were recipients of health care coverage provided to them and their beneficiaries through their employers by health care coverage plans underwritten, administered, or otherwise provided by Defendant HCSC in the States of Illinois, Texas, Montana, New Mexico and Oklahoma.

(c)    All individuals and their beneficiaries who, at all times relevant to this cause of action, obtained health care coverage by individual purchase of such coverage from Defendant, HCSC, or through a benefit plan underwritten, administered, or otherwise provided by Defendant, HCSC, but not subject to ERISA in the States of Illinois, Texas, Montana, New Mexico and Oklahoma.

(d)    All individuals and their beneficiaries who are, or at all times relevant to this cause of action, were covered by health care insurance solely within the borders of the State of Illinois and therefore are protected by the power of the Illinois Department of Insurance to regulate policies issued within its borders by a health care insurer such as Defendant HCSC.

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who

executes and files a timely request for exclusion from the Class; (4) any person who has had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

As requested, Plaintiffs Susan Priddy and Michael Beiler are appointed as representatives of the Class.

Counsel for the Named Plaintiffs are appointed as Counsel for the Class.

This case is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of determining whether additional discovery is necessary and the entering of a scheduling order.

ENTER: October 7, 2016

                FOR THE COURT:

                              /s/ Richard Mills
                              Richard Mills
                              United States District Judge