IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

SUSAN PRIDDY, et al.,   )
                        )
        Plaintiffs,     )
                        )
        -vs-            )   No.  14-cv-3360
                        )
HEALTH CARE SERVICE     )
CORPORATION,            )
                        )
        Defendant.      )

BEFORE U.S. DISTRICT JUDGE RICHARD MILLS:

OPINION AND ORDER

Before the Court is the Defendant's Motion to Compel Answers to Interrogatories (d/e 68) (Motion) and Plaintiff's Response to Motion to Compel Answers to Interrogatories (d/e 71) (Response).

BACKGROUND

The Plaintiffs' First Amended Complaint (d/e 12) in this case includes seven counts alleging violations of the Employee Retirement and Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq. as well as Illinois statutory and common law claims.  The original Plaintiffs consisted of eight

individuals[1] and three entities.  The Defendant, Health Care Service Corporation, is an Illinois Mutual Reserve Insurance Company, d/b/a Blue Cross and Blue Shield of Illinois, d/b/a Blue Cross and Blue Shield of Montana, d/b/a Blue Cross and Blue Shield of New Mexico, d/b/a Blue Cross and Blue Shield of Oklahoma, d/b/a Blue Cross and Blue Shield of Texas. (HCSC)

HCSC filed a Motion to Dismiss Plaintiffs' First Amended Complaint (d/e 13) (Motion to Dismiss) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (FRCP).  HCSC is an insurance company licensed by the State of Illinois.  The individual Plaintiffs obtained insurance coverage from the Defendant through a plan purchased by their employers.  The corporate Plaintiffs are corporations that purchased coverage through one of HCSC's divisions to cover their employees.  The Plaintiffs' seven count First Amended Complaint asserted violations of ERISA, in addition to claims under Illinois statutes and Illinois common law for breach of fiduciary duty by HCSC.  Plaintiffs' First Amended Complaint also sought appointment of a receiver and an accounting.

---

[1] Plaintiff Suraj Demla's Motion to Withdraw as a party-plaintiff and class representative was allowed.  (7/29/2016 Text Order)  Plaintiffs Neil Friedman and Mark Schacht both have pending Motions to Withdraw as Plaintiffs. (d/es 76, 77).

On March 22, 2016, United States District Judge Richard Mills ruled on the Motion to Dismiss. (Opinion, d/e 21) Judge Mills dismissed all corporate Plaintiffs based upon lack of standing. The Court also allowed Defendant's Motion to Dismiss (d/e 13) regarding Plaintiffs' claims which alleged breaches of fiduciary duty under ERISA for failure to pass on rebates and discounts, and dismissed Counts IV and V of Plaintiffs' First Amended Complaint.

In his Opinion regarding the Motion to Dismiss, Judge Mills stated when reaching his conclusion that the Plaintiffs have asserted plausible claims (d/e 21, pg 24), that the First Amended Complaint included sufficient allegations which suggested discovery might reveal evidence of liability. Judge Mills also noted that certain claims were lacking in specificity and allowed the Plaintiffs to go forward in order to determine whether discovery will reveal that the allegations of the complaint are supported. (d/e 21, pg 26)

The Plaintiffs and Defendant have exchanged interrogatories. Defendant's Motion (d/e 68) requests that various Plaintiffs be compelled to answer five interrogatories. The Defendant maintains that the Plaintiffs' answers to the interrogatories are improper and inadequate. Specifically,

Defendant asserts that Plaintiffs' objections that the answers to certain interrogatories "call for legal conclusions that a lay plaintiff is incapable of answering" and that the "Plaintiff is not an attorney and therefor has no knowledge to answer this question law" are improper.

The specific interrogatories and the Plaintiffs' responses will be discussed in detail below.

## ANALYSIS

1. <u>Answers of Plaintiffs Beiler, Yard, Friedman, and Schacht to Defendant's Interrogatories Numbered 2 and 3, and Answer of Plaintiff Fischer to Defendant's Interrogatory Number 5</u>

    Defendant seeks to compel answers to its Interrogatories Numbered 2, 3, and 5. Those interrogatories are set forth below:

    > Interrogatory No. 2 to Plaintiffs Yard, Beiler, Friedman, and Schacht: Identify the Illinois law that you contend defines an "owner" as "each person or entity purchasing insurance from Defendant or purchasing the services of Defendant to administer a plan of insurance" as alleged in Paragraph 29 of the First Amended Complaint.

    > Interrogatory No. 3 to Plaintiffs Yard, Beiler, Friedman, and Schacht: Identify the basis for your contention in Paragraph 31 of the First Amended Complaint that Illinois recognizes or otherwise supports "a presumption of self-dealing created by the placement by Defendant of its Officers and Directors on the boards and/or control groups of affiliates and subsidiaries which it purchased using the assets of this mutual insurance company."

> Interrogatory No. 5 to Plaintiff Fischer: Describe the fiduciary duties you contend Defendant breached and the specific actions, policies, practices or procedures that constituted the breach(es) you allege in Count VI of the First Amended Complaint.

The answers to the Interrogatories Numbered 2 and 3 are substantially the same for Plaintiffs Beiler, Friedman, and Schacht. Their answer to Interrogatory No. 2 is as follows:

> Plaintiff is not an attorney and therefore has no knowledge as to the answer to this question of law. This interrogatory is improper because it asks for a pure statement of law. See also, Defendant's answer to Paragraph 29 of the Plaintiffs' Amended Complaint in which it admitted that this allegation was a legal conclusion.

The answer to Interrogatory No. 3 for each of the Plaintiffs identified above is as follows:

> See answer to Interrogatory No. 2 and Defendant's Answer to Paragraph 31 of the Plaintiffs' Amended Complaint in which it indicated that this allegation stated a legal conclusion.

Plaintiff Fischer's answer to Interrogatory No. 5 asserts essentially the same basis for the objection in less detail. Plaintiff Fischer's answer is as follows:

> Objection. This interrogatory calls for legal conclusions that a lay plaintiff is incapable of answering.

The objections of the Plaintiffs cited above raise two issues.  First, the Plaintiffs assert that the Plaintiffs are not attorneys and therefore have no knowledge of the answers to questions calling for legal conclusions or questions of law.  Second, the Plaintiffs argue that the interrogatories are improper because they ask for a "pure statement of law".

Both Plaintiffs and Defendant cite the October 24, 2014, Order and Opinion of Senior District Judge Joe Billy McDade in <u>First Financial Bank, N.A. v. Bauknecht</u>, 71 F.Supp.3d 819 (C.D.IL., 2014).  Plaintiffs also rely on <u>S.E.C. v. Buntrock</u>, 217 F.R.D. 441, 446 (N.D.IL., 2003).  Judge McDade cited the <u>Buntrock</u> opinion in his Order and Opinion in <u>First Financial Bank, N.A. v. Bauknecht</u>, Id.  Plaintiffs argue that a lay person will not be cognizant of legal concepts such as fiduciary duties and the interrogatories in this case, "like the interrogatories at issue in Buntrock" are barred.  (d/e 71, pg 3)

It is instructive to note that neither Judge McDade's opinion in <u>First Financial Bank</u> (Id.), nor the Court's decision in <u>Buntrock</u> (Id.) dealt with interrogatories.  Both <u>First Financial Bank</u> (Id.) and <u>Buntrock</u> (Id.) deal with questions which may be asked at a deposition taken pursuant to Rule 30(b)(6) of the FRCP.  The discovery tool at issue now before the Court in

this case is the scope of interrogatories, not 30(b)(6) deposition interrogation. In fact, Judge McDade opined, in his decision in <u>First Financial Bank</u> (Id. at pg 27) that "questions about legal theory or requiring the application of law are better answered through interrogatories". The Court agrees with Judge McDade.

　　Plaintiffs' response to the Defendant's Motion argues that the work product of an attorney is not discoverable and notes Judge McDade's citation of FRCP 26(b)(3)(B), which states that the "mental impressions, conclusions, opinions, and legal theories of a party's attorney or other representative concerning litigation are specifically protected" in his Order and Opinion in <u>First Financial Bank</u> (d/e 71, pg 2-3). Plaintiffs' counsel does not note, however, that Rule 26(b)(3) deals with production of documents and tangible things. Rule 26(b)(3)(A) states that "Ordinarily a party may not discover <u>documents and tangible things</u> that are prepared in anticipation of litigation or for trial." (emphasis added) If the Court orders discovery of documents or tangible things, Rule 26(b)(3)(B) requires that the Court must protect against disclosure of mental impressions, conclusions, or legal theories of a party's attorney or other representative concerning litigation. Again, the issue before the Court on this Motion is

not the production of documents or tangible things, but the answering of what are essentially contention interrogatories.

Rule 33 of the FRCP deals with the answers to interrogatories. Rule 33(a)(2) notes that an "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact". That language was added by the 1970 amendment to Rule 33.

The Advisory Committee Notes to Rule 33 of the FRCP dealing with the addition of the contention interrogatory language states as follows:

> Rule 33 is amended to provide that an interrogatory is not objectionable merely because it calls for an opinion or contention that relates to fact or the application of law to fact. Efforts to draw sharp lines between facts and opinions have invariably been unsuccessful, and the clear trend of the cases is to permit "factual" opinions. As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery. On the other hand, under the new language interrogatories may not extend to issues of "pure law," i.e., legal issues unrelated to the facts of the case. *(citations omitted)*

Defendant's Motion requests that the Plaintiffs supply their contentions for the application of law to fact in Interrogatories Numbered 2, 3, and 5 as they pertain to Plaintiffs Yard, Beiler, Friedman, Schacht, and Fischer. Requests made in interrogatories which give hypothetical factual

situations present issues requiring pure legal conclusions not rooted in the facts of the case are impermissible under Rule 33 of FRCP.  <u>Kendrick v. Sullivan</u>, 125 F.R.D. 1, 2-3 (D.C. 1989).  Interrogatories which seek the application of law to the facts of the case are permissible under Rule 33. <u>Ferrell v. U.S. Dept. of Housing and Urban Development</u>, 1998 WL 30699 (N.D.IL, 1998);  <u>Joseph v. Norman's Health Club, Inc.</u>, 336 F.Supp. 307, 319 (E.D.Mo., 1971).  The interrogatories in this case must be viewed in conjunction with the facts alleged in Plaintiffs' First Amended Complaint.

As to the Plaintiffs' contentions that they are not attorneys or cannot answer the interrogatories because they are not attorneys, a party cannot refuse to answer an interrogatory merely on the ground that the information sought is solely within the knowledge of his attorney.  <u>Pilling v. General Motors Corp.</u>, 45 F.R.D. 366, 369 (D.Utah, 1968) .  A party must disclose in answers to interrogatories information in his attorney's possession, even though it may not have not been transmitted to a party.  <u>Shires v. Magnavox Co.</u>, 74 F.R.D. 373, 375-376 (E.D.Tenn, 1977).   Plaintiffs Beiler, Friedman, and Schacht[2] are ordered to provide answers to

---

[2] Plaintiffs Friedman and Schacht have pending Motions to Withdraw as Plaintiffs (d/es 76, 77).  The deadline for Defendant's response to the Plaintiffs' Motions to Withdraw is October 31, 2016.  If those motions are granted, Friedman and Schacht have no obligation to answer.  Friedman and Schacht are not required to answer any interrogatories prior to the Court's ruling on their Motions to Withdraw as Plaintiffs.

Defendant's Interrogatories Numbered 2 and 3. Plaintiff Fischer is ordered to provide an answer to Defendant's Interrogatory Numbered 5.

Plaintiff Jan Yard adds additional language to her answers to Defendant's Interrogatories Numbered 2 and 3, which differs from the answers of the other Plaintiffs set forth above. Specifically, in her answer to Interrogatory No. 2, Yard makes the following answer:

> Plaintiff, Jan Yard, is not an attorney and therefore has no knowledge as to the answer to this question of law. This interrogatory is improper because it asks for a pure statement of law. See also, Defendant's answer to Paragraph 29 of the Plaintiffs' Amended Complaint in which it admitted that this allegation was a legal conclusion. Without waiving those statements, 215 ILCS 5/36, et seq., provides generally for the structure of mutual insurance companies under Illinois law. The "owners" of a mutual insurance company are the policyholders. See Black's Law Dictionary, 10th Edition, p. 928.

As to Interrogatory No. 3, Yard's answer is as follows:

> See answer to interrogatory No. 2 and Defendant's Answer to Paragraph 31 of the Plaintiffs' Amended Complaint in which it indicated that this allegation stated a legal conclusion. In addition, see *Lower v. Lanarck Mutual Fire Insurance Co.*, 114 Ill.App.3d 462 (2nd Dist. 1983).

The language added by Yard does not sufficiently answer Defendant's Interrogatory No. 2. The answer to Interrogatory No. 2 simply cites 215 ILCS 5/36, et seq. which contains a statutory scheme dealing

with Illinois domestic mutual insurance companies.  The statutory scheme contains multiple separately designated sections concerning the operation of domestic mutual insurance companies in Illinois.  Yard's answer simply states that statutory scheme provides "generally for the structure of insurance companies under Illinois law".  Likewise, the citation to Black's Law Dictionary does nothing to clarify what portion of the statutory scheme leads to the contention set forth in paragraph 29 of the First Amended Complaint.  Defendant's Motion to Compel Yard to answer Interrogatory No. 2 is granted.

However, the citation to <u>Lower v. Lanarck Mutual Fire Insurance Co.</u>, 114 Ill.App.3d 462 (2nd Dist. 1983) in Yard's answer to Interrogatory No. 3 explains the basis for Plaintiff's legal  contention in paragraph 31 of the First Amended Complaint that Illinois recognizes or supports "a presumption of self-dealing created by the placement by Defendant of its Officers and Directors on the board, and/or control groups, of affiliates and subsidiaries which it purchased using the assets of this mutual insurance company".  Judge Mills, in his Opinion entered on March 22, 2016 (d/e 21), concluded that <u>Lower</u> stands for the proposition that Illinois courts have recognized that a  mutual insurance company and its directors may have a

fiduciary duty to their insureds under Illinois law. Id. Judge Mills ruled that he was unable to conclude that Defendant HCSC is not a fiduciary based upon its status as a mutual insurance company. Plaintiff Yard's answer indicates an opinion that the existence of the fiduciary duty recognized by Judge Mills in the Lower decision supports a presumption of self-dealing created by placement by Defendant of its officers and directors on the Boards and/or control groups of affiliates and subsidiaries which it purchased using the assets of Defendant HCSC. Whether this contention is legally sound may be debatable, however, the answer to Interrogatory No. 3 by Yard is responsive. The Court denies Defendant's Motion to Compel further answer by Yard to Interrogatory No. 3.

2.  Answer of Plaintiff Priddy to Defendant's Interrogatory Numbered 2

Interrogatory No. 2 to Priddy, and Priddy's answer, are as follows:

INTERROGATORY NO. 2: Identify the Illinois law that you contend requires defendant to "provide any and all benefits and profits derived through its operation, except for a small amount for operating expenses, salaries, and reserves, for the exclusive use and benefit of owners, the Plan Participants and Plan Owners" as alleged in Paragraph 89 of the First Amended Complaint.

ANSWER: Plaintiff, Susan Priddy, is not an attorney and therefore has no knowledge as to the answer to this question of law. Plaintiff's attorneys discussed the Illinois law which provides for these benefits at pages 13 and 14 of

their response to Defendant's Motion to Dismiss, d/e #16 filed herein. See Lower v. Lanarck Mutual Insurance Co., 114 Ill.App.3d 462 (2nd Dist. 1983) and the Opinion entered by the District Court herein, d/e #21, pp. 20-21.

While Priddy parroted the answers of the other Plaintiffs that she is not an attorney and has no knowledge as to the answer to this question of law, she also provided an answer to Interrogatory No. 2. Priddy referenced the Illinois case law supporting her position by citing the argument at pages 13 and 14 of Plaintiffs' Opposition to Defendant's Motion to Dismiss the First Amended Complaint (d/e 16) (Plaintiffs' Opposition). Pages 13 and14 of Plaintiffs' Opposition provide case law citations and argument which the Plaintiff believes supports the legal proposition set forth in Interrogatory No. 2.

Additionally, Priddy's answer cites Lower and the discussion of Defendant HCSC's fiduciary duty as an insurer discussed by Judge Mills on pages 20 and 21 of his March 22, 2016, Opinion (d/e 21). Id. While the Defendant may disagree with the legal position of the Plaintiffs, Priddy's answer to Interrogatory No. 2 is sufficient and Defendant's Motion to Compel with regard to that interrogatory is denied.

3. <u>Answer of Plaintiff Rose to Defendant's Interrogatory Numbered 2</u>

Interrogatory No. 2 to Rose, and Rose's answer, are as follows:

INTERROGATORY NO. 2: Identify the specific section(s) of 29 U.S.C. §1106 that you contend in Count II of the First Amended Complaint has been violated.

ANSWER: The Plaintiff, Jeffery Rose, is not an attorney and thus has no direct knowledge of the answer to this interrogatory. However, I have been informed the answer to this question includes, but is not limited to violation of 29 U.S.C. §1106(b)(1), (b)(2) and (b)(3).

Again, Rose first answered that he was not an attorney and had no direct knowledge of the answer to the interrogatory. However, Rose's answer goes on to indicate that the specific sections of 29 U.S.C. §1106 which in his opinion violate 29 U.S.C. §1106 are §1106(b)(1), (b)(2) and (b)(3). The answer is responsive to the interrogatory. Defendant complains that the answer is insufficient because Plaintiff's identification of the specific sections is qualified by the phrase "is not limited to".

Plaintiff Rose has disclosed three specific sections of 29 U.S.C. §1106 which he contends have been violated. Rule 26(e) of the FRCP requires a party who has responded to an interrogatory to supplement or correct its response to the interrogatory in a timely manner if the party learns some material aspect of the response is incomplete or incorrect.

Pursuant to that rule, if Plaintiff Rose relies on any other section of 29 U.S.C. §1106 other than those set forth in the answer to Interrogatory No. 2, Rose is ordered to supplement his answer through disclosure of the additional section.  Defendant's request to compel further an answer by Plaintiff Rose to Interrogatory No. 2 is denied.

CONCLUSION

WHEREFORE, Defendant's Motion to Compel Answers to Interrogatories (d/e 68) is GRANTED in part and DENIED in part as set forth above.   IT IS THEREFORE ORDERED AS FOLLOWS:

    A.    Defendant's Motion is granted as set forth above and Plaintiffs Beiler, Friedman, and Schacht are ordered to provide answers to Defendant's Interrogatories Nos. 2 and 3 within fifteen (15) days of this order, subject to the limitation set forth in footnote 2 above;

    B.    Defendant's Motion is granted as set forth above and Plaintiff Fischer is ordered to provide an answer to Defendant's Interrogatory No. 5 within fifteen (15) days of this order;

    C.    Defendant's Motion is granted as to Plaintiff Yard's answer to Interrogatory No. 2 as set forth above, but denied as to Plaintiff Yard's

answer to Interrogatory No. 3.  Plaintiff Yard is ordered to answer Interrogatory No. 2 within fifteen (15) days of this order;

      D.    Defendant's Motion is denied as to Plaintiff Priddy's answer to Interrogatory No. 2; and

      E.    Defendant's Motion is denied as to Plaintiff Rose's answer to Interrogatory No. 2, and Rose is ordered to timely supplement his answer if additional sections of 29 U.S.C. §1106 are asserted to be violated.

      ENTERED:    October 25, 2016

                *s/ Richard Mills*
                RICHARD MILLS
                UNITED STATES DISTRICT JUDGE